UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEENA TJARTJALIS,                                              Civil Action No.:

               Plaintiff,
-against-                                                      **CLASS ACTION COMPLAINT**


PROFESSIONAL CLAIMS BUREAU, INC.**,**          **DEMAND FOR JURY TRIAL**

               Defendant(s).
------------------------------------------------------------X

      Plaintiff DEENA TJARTJALIS ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant PROFESSIONAL CLAIMS BUREAU, INC. (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>).

## PARTIES

    2.    Plaintiff DEENA TJARTJALIS is a resident of the State of New York, residing at 80-21 164th Place, Jamacia, New York 11432.

    3.    Defendant NORTHLAND GROUP, INC. is a company organized in the State of Minnesota engaged in the business of debt collection with corporate offices at 7831 Glenroy Road, Suite 250, Edina, MN 55439.

4. The Plaintiff is a consumer as the phrase is defined in the FDCPA under 15 USC §1692a (3).

5. The Defendant **is** a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would

create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19.    Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.    Upon information and belief, Defendant, on behalf of a third-party or itself

as purchaser of the debt, began efforts to collect an alleged consumer debt from Plaintiff.

23. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by writing to Plaintiff on or about June, 2013.

24. On or about June, 2013, Defendant received a mass-produced form from Defendant dated June 8, 2013 with the heading in large, bold letters: "**DO NOT CONTINUE TO LEAVE THIS DEBT UNRESOLVED**." The notice thereafter states: "Your continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records."

### **FIRST CAUSE OF ACTION**
*(Violations of the FDCPA)*

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. 15 USC §1692 e – preface and e (10) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

27. Defendant violated 15 USC §1692 e – preface and e (10) by sending letters to consumers containing deceptive and misleading information. Defendant professes to being prevented by Plaintiff from clearing her account from their records when in fact, nothing Plaintiff does will "clear this account from our records" – Plaintiff can make payments to Defendant but her account will remain on Defendant's records and not be cleared with Defendant's help on anybody else's. Defendant's accusation

that Plaintiff is preventing their efforts to help is a blatantly false assertion. Defendant has no interest in helping Plaintiff and their writing to try to convince her that they are is motivated by nothing except the desire to collect money. Defendant's disingenuous and misleading phrasing that the consumer is standing in the way of their expressing their generosity is used purposely to disarm consumers in the hopes that the least sophisticated among them will believe that their "non-payment" actions are thwarting Defendant's professed generous motives and thereby submit to their offer.

28. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

29. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         March 3rd, 2013

                              Respectfully submitted,

                              By: /s/ M. Harvey Rephen
                              M. Harvey Rephen, (MR3384), Esq.
                              M. HARVEY REPHEN & ASSOCIATES, P.C.
                              708 Third Avenue, 6th Floor
                              New York, New York 10017
                              Phone:    (212) 796-0930
                              Facsimile: (212) 330-7582
                              *Attorney for the Plaintiff* DEENA TJARTJALIS

To:   Professional Claims Bureau, Inc.
      439 Oak Street
      Garden City, New York 11530

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Eastern District of New York
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

DEENA TJARTJALIS,

                Plaintiff,

    -against-


PROFESSIONAL CLAIMS BUREAU, INC.,

                Defendant(s).

_____

## CLASS ACTION COMPLAINT

_____

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:   (212) 796-0930*
*Facsimile: (212) 330-7582*

_____