# ARTHUR SANDERS, ESQ.
### 30 SOUTH MAIN STREET
### NEW CITY, NY  10956-3515
### PHONE – 845-499-2990
### FAX – 845-499-2992
Email – asanders@arthursanderslaw.com

July 10, 2014

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY  11722

Re:   TJATJALIS v. PROFESSIONAL CLAIMS BUREAU, INC.
      14-CV-1412

Dear Judge Wexler:

Please be advised that this office represents Professional Claims Bureau, Inc. ("PCB") in the above-referenced matter, and write pursuant to Your Honor's rules to request a pre-motion conference on PCB's contemplated motion to dismiss plaintiff's complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The complaint alleges violation of the Fair Debt Collection Practices Act (FDCPA).  More specifically, plaintiff takes issues with the wording of correspondence sent to her by the defendant.  She claims that the correspondence violates 15 U.S.C. Section 1692e(10) because of the following language, "Do not continue to leave this debt unresolved," and, "Your continued non- payment on the above referenced account has prevented us from helping you to clear this account from our records."  (Complaint, paragraph 24.)

Hon. Leonard D. Wexler                - 2 -               July 10, 2014
Tjartjalis v. PCB

Defendant contends that the language in issue does not violate the FDCPA and that its correspondence to the plaintiff fully complies with federal law.

Whether or not the letter violates the FDCPA is a matter of law.  See, **Schweitzer v. Trans Union Corp.**, 136 F 3d 233, 237-238 (2d Cir. 1998); **Bodur v. Palisades Collection LLC**, 829 F Supp 2d 246, 253 (SDNY 2011).

To determine whether a debt collector has violated 15 U.S.C. Section 1692e, Courts use an objective standard measured by how the least sophisticated consumer would interpret the notice. See, **Kassel v. Universal Fidelity LLP**, 2014 US Dist. Lexis 27657 (EDNY 2014), citing **Soffer v. Nationwide Recovery Service**, 2007 US Dist. Lexis 28979, 2007 WL 1175073 at *3 (EDNY 2007); **Greco v. Trauner, Cohen & Thomas**, 412 F 3d 360, 363 ( 2d Cir., 2005).

As the Court in **Kassel**, supra, has observed, "Although the Second Circuit has yet to definitively rule on this issue, other circuits and district courts within this circuit have held that the least sophisticated consumer standard also encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA.  See, **Walsh v. Law Office of Howard Lee Schiff**, 2012 U.S. Dist. Lexis 136408, 2012 WL 4372251, at *3 (Dist. Conn., Sept. 24, 2012); see, also, **Sussman v. IC Systems**, 928 F Supp 2d 784, 795 (SDNY 2013).

"Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt." **Klein v. Solomon & Solomon, P.C.**, 2011 U.S. Dist. Lexis 127606, 2011 WL 5354250, at *2 (Dist. Conn., Oct. 28. 2011).

Plaintiff has failed to show any false representation or deceptive means to collect or attempt to collect a debt and has demonstrated only a bizarre and idiosyncratic interpretation of defendant's debt collection letter.

Hon. Leonard D. Wexler          - 3 -                July 10, 2014
Tjartjalis v. PCB

Defendant looks forward to a pre-motion conference at the
earliest time convenient to the Court.

Thank you for your consideration.

Sincerely yours,

ARTHUR SANDERS
as/cw


CC:  Mark H. Rephen, Esq.