UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

DEENA TJARTJALIS,                                    DOCKET NO.   14-CIV-01412

                        Plaintiff,

            -against-

PROFESSIONAL CLAIMS BUREAU, INC.,

                        Defendant.
-------------------------------------------------------------x

# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT'S MOTION
# FOR JUDGMENT ON THE PLEADINGS
# PURSUANT TO FEDERAL
# RULE OF CIVIL PROCEDURE 12(c)

**ARTHUR SANDERS, ESQ.**
**Attorney for defendant**
**30 South Main Street**
**New City, NY  10956**
**845-499-2990**

1

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................... 5

PROCEDURAL HISTORY .................................................................... 7

LEGAL ARGUMENT

    1. FEDERAL RULES OF CIVIL PROCEDURE ................................... 8
        12(c) STANDARD OF REVIEW

    2. TAKING ALL INFERENCES IN FAVOR OF ................................... 11
        PLAINTIFF, THE PLAINTIFF'S COMPLAINT
        FAILS TO STATE A CLAIM FOR RELIEF, AS
        PLAUSIBLE ON ITS FACTS AND, THUS, IT
        MUST BE DISMISSED

        A. PURPOSE OF THE FAIR DEBT COLLECTION ....... 11
            PRACTICES ACT

        B. PLAINTIFF'S COMPLAINT, WHICH ALLEGES ............ 14
           VIOLTIONS OF 15 U.S.C., SECTION 1692(e)
           FAILS TO STATE A CAUSE OF ACTION

CONCLUSION ....................................................................... 17

## TABLE OF AUTHORITIES

Akoundi v. FMS, Inc., 2014 U.S. Dist. Lexis 100259, 2014 W. L. 3632008 .................. 15
    (S.D.N.Y. July 22, 2014)

Ashcroft v. Iqbal, 546 U.S. 662, 129 S. Ct. 1977, 173 L. Ed. 2d 868 (2009) ................. 9

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, ........................... 8
    167 L. Ed. 2d 929 (2007)

2

Bodar v. Palisades Collection, LLC, 829 F. Supp 2d 253 (S.D.N.Y. 2011) ................. 12

Clomon v. Jackson, 998 F. 2d 1314 (2d Cir., 1993) ..................................... 12

Fritz v. Resurgent Capital Services, LP, 955 F. Supp. 2d 163, 170 ........................ 15
    (E.D.N.Y. 2013)

Gabriele v. The American Home Mortgage Servicing, Inc. ..................................... 15
    503 Fed. Appx. 89, 94 (2d Cir., 2012)

Garay v. Novartis Pharm. Corp., 2014 US App Lexis 15887, 2014 W L 4071331 ............ 8
    (2d Cir., 2014)

Harris v. Mills, 572 F. 3d 66, 72 (2d Cir., 2009, ........................................ 8

Hasbrouck v. Arrow Financial Services, 2011 U.S. Dist. Lexis 53928, 2011 ...............15
    W L 1899250 (N.D.N.Y. 2011)

Hayden v. Paterson, 594 F. 3d 150, 160 footnote 7 (2d Cir., 2010) ....................... 9

Hess v. Cohen and Slamowitz, LLP, 637 F. 3d 117, 120 (2d Cir., 2011) ..................... 11

Jacobson v. Healthcare Financial Services, 517 F. 3d 85, 89 (2d Cir., 2008) ............... 11

Johnson v. NCB Collection Services, 799 F. Supp. 1298, 1306 (Dist. CT. 1992) ............ 13

Johnson v. Rowley, 569 F 3d 40, 43 (2d Cir., 2009) ..................................... 8

Kassel v. Universal Fidelity, LP, 2014 U.S. Dist. Lexis 27657, ........................... 15
    2014 W L 824335 (E.D.N.Y. March 2, 2014)

Klein v. Solomon & Solomon, P.C., 2011 U.S. Dist. Lexis 127606, ........................ 15
    2011 W L 5354250 at *2 (Dist. Conn. Oct. 28, 2011)

Kropelnicki v. Siegel, 290 F. 3d 118, 127 (2d Cir., 2002) ............................... 14

L-7 Designs, Inc. v. Old Navy, LLC, 647 F. 3d 419, 422 (2d Cir. 2011) .................... 9

Madray v. Long Island Univ., 2012 U.S. District Lexis 99965, at *10, ..................... 8
    2012 W L 2923500 (E.D.N.Y. 2012

Maguire v. Citicorp Retail Services, Inc., 147 F. 3d 232, 236 (2d Cir., 1998) .............. 14

McAfee v. Law Firm of Foster & Garbus, 2008 U.S. Dist. Lexis 63794, ................. 11, 12

at *12 (E.D.N.Y. 2008)

Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 2013 ........................ 14
    U.S. Dist. Lexis 40840 (S.D.N.Y. 2013)

Reich v. New York City Transit Authority, 45 F. 3d 646, 653 (2d Cir., 1995) ........... 16

Roberts v. Bankiewicz, 582 F. 3d 418, 422 (2d Cir., 2009) ................................ 9

Schweizer v. Trans Union Corp., 136 F. 3d 233, 237-238 (2d Cir. 1998).

Smith v. Trans World Systems, 953 F. 2d 1025 (6th Cir., 1992) .......................... 13

Sparkman v. Zwicker & Associates, PC, 374 F. Supp. 2d 293, 300 (E.D.N.Y 2005) ... 12

Spread Enterprises v. First Data Merchant Services, Corp., .............................. 8
    2012 U.S. District Lexis 119080, at *4, 2012 W L 3679319

Sussman v. IC Systems, 928 F. Supp. 2d 784 (S.D.N.Y. 2013) ........................... 15

Turner v. Asset Acceptane, LLC, 302 F. Supp. 2d 56, 58 (E.D.N.Y. 2004) .............. 12

Walsh v. Law Offices of Howard Lee Schiff, P.C., 2012 W. L. 4372251, ................... 15
    2012 U.S. Dist. Lexis 136408 (Dist. Conn. 2012)

Warren v. Sessoms & Rogers, PA, 676 F. 3D 365, 374 (4th Cir., 2012) ..................... 15

## TABLE OF STATUTES

15 U.S.C., Section 1692e  ........................................................................ 5, 14

## TABLE OF RULES

Federal Rules of Civil Procedure 12(c)  Standard  Of Review ........................... 5, 8, 9

## PRELIMINARY STATEMENT

Plaintiff filed the instant complaint for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C., Section 1692, et seq., (hereinafter "FDCPA"), by defendant, Professional Claims Bureau, Inc. (hereinafter "PCB"). Defendant now brings the instant motion for judgment on the pleadings pursuant to the Federal Rules of Civil Procedure 12(c).

The complaint alleges that a letter dated June 2013 was sent to the plaintiff by the defendant (the letter at issue is dated June 8, 2013 and is annexed to the Memorandum of Law as Exhibit "A").

Plaintiff claims that the letter violated 15 U.S.C., Section 1692e and e(10) because of the following language, "Do not continue to leave this debt unresolved," and "Your continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records."

Plaintiff's theory, in this putative class action complaint is that the letter is designed to deceive and mislead consumers (complaint paragraph 27). Plaintiff contends, without the slightest hint of evidence, that "plaintiff can make payments to the defendant, but her account will remain on defendant's records and not be

5

cleared with defendant's help or anyone else's." Importantly, plaintiff does not allege that she paid the account or had any difficultly clearing the paid account from defendant's records. In fact, plaintiff does not contend that she made any contact with defendant, and plaintiff does not indicate by what means she concludes that defendant would not clear her account from their records, if she actually paid it. Also, plaintiff does not dispute owing the debt, nor does she allege PCB misstated or mischaracterized the amount she owes. Instead, plaintiff speculates that any payment she would make to defendant would not properly be reflected and that her debt would still remain, forever, on defendant's records.

## PROCEDURAL HISTORY

Plaintiff filed the instant complaint on March 3, 2014. Defendant answered the complaint on April 3, 2014. Defendant indicated its intention to proceed with a Rule 12(c) motion by sending a pre-motion conference letter to the Court on July 10, 2014. Plaintiff's counsel did not respond to the letter, and on August 13, 2014 the Court ordered the parties to submit a briefing schedule for the motion. The Court approved the briefing schedule on August 21, 2014. The briefing schedule was modified on November 6, 2014.

## LEGAL ARGUMENT

### 1. FEDERAL RULES OF CIVIL PROCEDURE 12(c) STANDARD OF REVIEW.

A motion filed pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standard employed by the courts to decide a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Garay v. Novartis Pharm. Corp., 2014 US App Lexis 15887, 2014 W L 4071331 (2d Cir., 2014) (citing Johnson v. Rowley, 569 F 3d 40, 43 (2d Cir., 2009).

The Court makes inquiry pursuant to the Twombly standard and should dismiss a complaint "only if it does not contain enough allegations of fact to state a claim for relief that is plausible on its face." Spread Enterprises v. First Data Merchant Services, Corp., 2012 U.S. District Lexis 119080, at *4, 2012 W L 3679319, (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Pursuant to Twombly, the Court conducted two inquiries. "First, although a court must accept as true all of the allegations contained in a complaint, that 'tenet' is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Madray v. Long Island Univ., 2012 U.S. District Lexis 99965, at *10, 2012 W L 2923500 (E.D.N.Y. 2012) (quoting, Harris v. Mills, 572 F. 3d 66, 72 (2d Cir., 2009). "Second, only a complaint that states a plausible claim for relief

8

survives a motion to dismiss and determining whether a complaint states a plausible claim for relief will …be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." See, Harris, supra. Accordingly, when the Court finds that there are well-pleaded factual allegations, a Court should assume their veracity and determine whether they give rise to entitlement of relief. See, Ashcroft v. Iqbal, 546 U.S. 662, 129 S. Ct. 1977, 173 L. Ed. 2d 868 (2009).

"On a 12(c) motion, the Court considers the complaint, the answer, any written documents attached to them, and any matter of which the Court can take judicial notice for the factual background of the case." L-7 Designs, Inc. v. Old Navy, LLC, 647 F. 3d 419, 422 (2d Cir. 2011). Moreover, the complaint is "deemed to include any instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." See. Roberts v. Bankiewicz, 582 F. 3d 418, 422 (2d Cir., 2009).

Lastly, it should be noted that a motion for judgment on the pleadings should be filed "after the pleadings are closed, but early enough not to delay trial," Hayden v. Paterson, 594 F. 3d 150, 160 footnote 7 (2d Cir., 2010). The pleading in this case has closed, as defendant has filed an answer which does not contain

not contain a counterclaim. Accordingly, a motion for judgment on the pleadings is ripe, based on the procedural posture of this case.

**2. TAKING ALL INFERENCES IN FAVOR OF PLAINTIFF, THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF, AS PLAUSIBLE ON ITS FACTS AND THUS, IT MUST BE MISMISSED.**

## A. PURPOSE OF THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA was enacted by Congress "to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." Hess v. Cohen and Slamowitz, LLP, 637 F. 3d 117, 120 (2d Cir., 2011). See, Jacobson v. Healthcare Financial Services, 517 F. 3d 85, 89 (2d Cir., 2008). ("In passing the FDCPA in 1977, legislators noted abundant evidence of the use of abusive, deceptive and unfair debt collection practices.")

Specifically, the legislative history of the FDCPA indicates that its need "arose because of collection abuses, such as use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors or an employer, obtaining information from a consumer through false pretense, impersonating public officials and attorneys and simulating legal process." See, McAfee v. Law Firm of Foster & Garbus, 2008

U.S. Dist. Lexis 63794, at *12 (E.D.N.Y. 2008). The FDCPA "tries to prevent and punish debt collection practices that are unfair, deceptive or harassing." McAfee, supra.

In determining whether a collection letter violates the FDCPA, courts apply an objective standard based on the least sophisticated consumer. Clomon v. Jackson, 998 F. 2d 1314 (2d Cir., 1993); Sparkman v. Zwicker & Associates, PC, 374 F. Supp. 2d 293, 300 (E.D.N.Y 2005); Turner v. Asset Acceptane, LLC, 302 F. Supp. 2d 56, 58 (E.D.N.Y. 2004). This standard requires the Court to determine how the "least sophisticated consumer would interpret the notice received from the debt collector. "

In Clomon, supra, the Court noted that the intent of the least sophisticated consumer test (to protect all members of the public, not just the shrewd) was consistent with traditional principles of consumer protection law. Despite, the assertion that the least sophisticated consumer test is designed to

---

1.  Whether or not a collection letter violates under the least sophisticated consumer standard is a question of law. See Schweizer v. Trans Union Corp., 136 F. 3d 233, 237-238 (2d Cir. 1998). See also; Bodar v. Palisades Collection, LLC, 829 F. Supp 2d 253 (S.D.N.Y. 2011).

protect members of the public, Clomon emphasized that courts have applied the least sophisticated consumer test, while utilizing the concept of reasonableness. Specifically, courts that have applied the test tend to incorporate the concept of reasonableness in analyzing a debt collector's language and by doing so, have routinely protected debt collectors from unreasonable interpretations of the collection letters. For example, one court held that collection notices are not deceptive simply because certain essential information is conveyed implicitly, rather than explicitly. See, Smith v. Trans World Systems, 953 F. 2d 1025 (6th Cir., 1992). See, also, Johnson v. NCB Collection Services, 799 F. Supp. 1298, 1306 (Dist. CT. 1992) (finding that even the least sophisticated debtor knows that a revenue department may be part of a department store or other commercial creditor just as it may be with a governmental body.") Therefore, there is a presumption that even a least sophisticated consumer has a basic understanding of what is going on around him and can read a collection notice with some care.

13

B.  PLAINTIFF'S COMPLAINT, WHICH ALLEGES VIOLATIONS OF 15 U.S.C. SECTION 1692e FAILS TO STATE A CAUSE OF ACTION.

The letter in issue in this case contains no language that can be deemed to be deceptive or misleading.  In fact, a close reading of paragraph "24" through "27" of plaintiff's complaint reveals no allegation that the language "Do not continue to leave this debt unresolved," as the basis for her complaint.  The wrongdoing alleged in paragraph "27" would appear to apply solely to the second sentence referenced in paragraph "24" of the complaint, "Your continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records."

Defendant strongly contends that there is no basis for plaintiff to conclude, in her complaint, that the language employed in the letter is defective or misleading.  It is a bizarre and idiosyncratic interpretation and debt collectors are shielded from such bizarre interpretations of straightforward collection letters.  See, Kropelnicki v. Siegel, 290 F. 3d 118, 127 (2d Cir., 2002); Maguire v. Citicorp Retail Services, Inc., 147 F. 3d 232, 236 (2d Cir., 1998).

Moreover, many courts in this and other circuits have held, "to satisfy the FDCPA,  the alleged act must, at a minimum. Involve a misrepresentation that is material." Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 2013 U.S.

14

Dist. Lexis 40840 (S.D.N.Y. 2013); Akoundi v. FMS, Inc., 2014 U.S. Dist. Lexis 100259, 2014 W. L. 3632008 (S.D.N.Y. July 22, 2014); see, also, Gabriele v. American Home Mortgage Servicing, Inc., 503 Fed. Appx. 89, 94 (2d Cir., 2012) ("Although Congress did not expressly require that any violation of 1692e be material, courts have generally held that violations grounded in false representations must rest on material misrepresentations."); Fritz v. Resurgent Capital Services, LP, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013); Warren v. Sessoms & Rogers, PA, 676 F. 3D 365, 374 (4th Cir., 2012); Sussman v. IC Systems, 928 F. Supp. 2d 784 (S.D.N.Y. 2013); Walsh v. Law Offices of Howard Lee Schiff, P.C., 2012 W L 4372251, 2012 U.S. Dist. Lexis 136408 (Dist. Conn. 2012).

To be "material, "the statement must "influence a consumer's decision or ability to pay or challenge a debt." Kassel v. Universal Fidelity, LP, 2014 U.S. Dist. Lexis 27657, 2014 W L 824335 (E.D.N.Y. March 2, 2014); Klein v. Solomon & Solomon, P.C., 2011 U.S. Dist. Lexis 127606, 2011 W L 5354250 at *2 (Dist. Conn. Oct. 28, 2011). "Imposing liability for technical falsehoods that have no bearing on the debt or the ability to dispute it furthers no conceivable consumer interest under the FDCPA and only increases the cost of credit by suggesting debt collectors to frivolous claims." Walsh, supra. See, also, Hasbrouck v. Arrow Financial Services, 2011 U.S. Dist. Lexis 53928, 2011 W L 1899250 (N.D.N.Y. 2011). ("An immaterial

15

statement or information does not contribute to the objective of the FDCPA nor does it undermine it.") Even the Supreme Court and Circuit Courts have repeatedly applied a "de minimis rule" when reviewing mere seconds or minutes in wage and labor cases. Reich v. New York City Transit Authority, 45 F. 3d 646, 653 (2d Cir., 1995).

Among the statements found non-material in FDCPA lawsuits are those in Akoundi, supra (a settlement offer purported to be 25% of the balance when it was, in fact, 25.01% of the balance owed); Kassel, supra, (correspondence from defendant to plaintiff in which plaintiff is informed that, "you are a valued customer," when, in fact, he may not be a valued customer at all).

Plaintiff, in the instant case, cannot plausibly claim that she didn't pay her debt because she disbelieved defendant's statement that her records would be cleared if she paid her debt. The statement in defendant's letter to plaintiff is simply not a material misstatement and can't possibly b considered as actionable under FDCPA.

16

## CONCLUSION

WHEREFORE, based upon the foregoing, defendant respectfully requests that plaintiff's complaint be dismissed with prejudice as it fails to state a plausible entitlement to relief on its face and is incapable of cure.

Dated:  New City, NY
        October 15, 2014

Respectfully submitted,

_____

Arthur Sanders
Attorney for defendant
30 South Main Street
New City, NY  10956
845-499-2990

**EXHIBIT "A"**

From:PCB        5168279408        04/09/2014 15:11    #364 P.004/004

*The Offices of*

# PROFESSIONAL CLAIMS BUREAU, INC.

Tel: (516) 681-1122  (914) 668-1222
Fax: (516) 681-1265
M-F 8:30AM-5PM ~ WWW.PAYPCB.COM
NYC Dept of Consumer Affairs License # 0811196
*"Se Habla Español"*



P.O. Box 9060
Hicksville, NY 11802-9060

Return Service Requested
Personal & Confidential

4 4 00000795
279167

*Sample*



| | |
|---|---|
| Re ▸ | |
| Patient ▸ | |
| Account No. ▸ | |
| Admit Date ▸ | |
| Balance Due ▸ | |

## DO NOT CONTINUE TO LEAVE THIS DEBT UNRESOLVED

Your continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records.

Do not delay payment on this seriously delinquent account any longer:

➢ Call our offices to resolve this account with one of our collectors
➢ Resolve your bill on our website www.paypcb.com
➢ Mail your check, money order or credit card information along with the payment stub below to close out this account.

It is our hope that you choose to close out this account in a timely manner.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collection agency.



Professional Claims Bureau, Inc.
*"Debt Collectors Since 1964"*

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

▼ DETACH AND RETURN BOTTOM PORTION WITH PAYMENT ▼



| | |
|---|---|
| Re ▸ | |
| Client Ref ▸ | |
| Due ▸ | |

| IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW | |
|---|---|
| CARD NUMBER | EXP. DATE |
| **VISA** | |
| SIGNATURE | |
| MasterCard | |
| NAME ON CARD | AMOUNT |

Professional Claims Bureau, Inc.
P.O. Box 9060
Hicksville, NY 11802-9060

**Please note: Your credit card statement will reflect a charge from **Professional Claims Bureau, Inc.**

PCB103
PCB.V1
279167

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------x
DEENA TJARTJALIS,

                         Plaintiff,

          -against-

PROFESSIONAL CLAIMS BUREAU, INC.,

                       Defendant(s).
-----------------------------------------x

**CERTIFICATE OF SERVICE**
**14-cv-01412**

       A copy of the foregoing Notice of Motion, Memorandum of Law with exhibit was served electronically on October 15, 2014 upon:

MARK H. REPHEN, ESQ.
M. Harvey Rephen & Associates
Attorney for plaintiff
708 Third Avenue
New York, NY  100074
consumeradvocatenyc@gmail.com


YITZCHAK ZELMAN, ESQ.
Law Office of Alan J. Sasson, P.C.
Attorney for plaintiff
1669 East 12th Street
Brooklyn, NY  11229
yzelman@gmail.com


ALAN J. SASSON, ESQ.
Law Office of Alan J. Sasson, P.C.
Attorney for plaintiff
1669 East 12th Street
Brooklyn, NY  11229
alan@sassonlaw.com


                                 _____
                                 ARTHUR SANDERS, ESQ. (AS1210)
                                 Attorney for defendant
                                 30 South Main Street
                                 New City, NY  10956
                                 845-499-2990