UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DEENA TJARTJALIS,

                          Plaintiff,

          -against-

                                                    Civil No: 14-CV-1412

PROFESSIONAL CLAIMS BUREAU, INC.,

                          Defendant.
-------------------------------------------------------------X


## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS


Respectfully submitted,


Yitzchak Zelman, Esq. (YZ5857)
LAW OFFICE OF ALAN J. SASSON, P.C.
1669 East 12th Street, 2nd Floor
Brooklyn, New York 11229
Phone:    (718) 339-0856
Facsimile: (347) 244-7178

*Attorney for Plaintiff*


Page 1 of 7

## TABLE OF AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)..........4

*Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir.2006)..............................................5

*Campuzano-Burgos v Midland Credit Mgt., Inc.*, 550 F3d 294, 298-99 (3d Cir 2008)..............5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)................4

*Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir.2009).......................................6

*Gonzales v Arrow Fin. Services, LLC*, 660 F3d 1055, 1062 (9th Cir 2011)............................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L.Ed.2d 538 (1986).....4

*Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 627 (7th Cir.2009)..........................6

*O'Rourke v Palisades Acquisition XVI, LLC*, 635 F3d 938, 941-42 (7th Cir 2011)....................6

*Pearson v. Component Tech. Corp.*, 247 F.3d 471 (3d Cir.2001).......................................4

*Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir.2008)...........................................5

## TABLE OF CONTENTS

A. Preliminary Statement.................................................................4

B. Standard of Review.....................................................................4

C. Factual Background.....................................................................5

D. The Defendant's Collection Letter Is Misleading and Deceptive
   As A Matter of Law.....................................................................5

E. Conclusion.................................................................................7

## A. Preliminary Statement.

This Memorandum of Law is submitted in response to the Defendant's motion, which seeks an Order granting it judgment on the pleadings filed in this action. This is an action brought pursuant to the Fair Debt Collection Practices Act (the "FDCPA). Specifically, the Plaintiff received a Collection Letter from the Defendant, which the Plaintiff alleges is deceptive and misleading under the FDCPA. The Plaintiff accordingly filed suit in this action, on behalf of herself and a putative class. Defendant now moves this Court for a finding that this Collection Letter was not deceptive or misleading as a matter of law. For the following reasons, it is respectfully submitted that the Defendant's motion be denied as a matter of law.

## B.  Standard of Review.

Defendant can only be awarded summary judgment on this action if this Court finds that there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 482 n. 1 (3d Cir.2001). An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Defendant, as the moving party, has the burden of demonstrating the absence of a genuine issue of material fact, in order to be awarded summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## C. Factual Background.

The facts in this action are essentially undisputed. Defendant mailed a collection letter to the Plaintiff, seeking to collect an unpaid debt. The Collection Letter states in capitalized bold letters **"DO NOT CONTINUE TO LEAVE THIS DEBT UNRESOLVED"**, and then goes on to state that "your continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records."

## D. The Defendant's Collection Letter Is Misleading and Deceptive As A Matter of Law.

Defendant violated the FDCPA, by mailing the Plaintiff a Collection Letter which was deceptive and misleading under the statute. 15 USC § 1692e(10), prohibits "[t]he use of any false representation or deceptive means to collect ... any debt." This provision has been referred to as a "catchall" provision, and can be violated in any number of novel ways. *See, Gonzales v Arrow Fin. Services, LLC*, 660 F3d 1055, 1062 (9th Cir 2011). Nevertheless, it is well established that "a debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir.2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir.2006).

When analyzing a debt collector's communications with consumers, the courts apply an extremely forgiving standard. In order to give effect to the Act's intent to "protect the gullible as well as the shrewd," *Brown*, 464 F.3d at 453, courts have analyzed the statutory requirements "from the perspective of the least sophisticated debtor." *Rosenau*, 539 F.3d at 221 (quoting *Brown*, 464 F.3d at 454). This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor. *Id.* at 455. *See also, Campuzano-Burgos v Midland Credit Mgt., Inc.*, 550 F3d 294, 298-99 (3d Cir 2008).

Page 5 of 7

The Act is meant "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To accomplish this purpose, § 1692e broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* Many of the specific instances of conduct that violate this Section are protections for consumers. They keep consumers from being intimidated or tricked by debt collectors. *O'Rourke v Palisades Acquisition XVI, LLC*, 635 F3d 938, 941-42 (7th Cir 2011). With this focus on the consumer, courts have noted that "[t]he purpose of the Fair Debt Collection Practices Act is to protect consumers." *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 627 (7th Cir.2009). And its provisions revolve around its purpose: "The statute is designed to provide information that helps consumers to choose intelligently." *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir.2009).

In the preface to the Fair Debt Collection Practices Act, Congress explained that "[t]here is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Those tactics "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act is directed to the goals of "eliminating abusive debt collection practices by debt collectors ... [and] insuring that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

In this action, the Collection Letter warns consumers not to leave their debt unresolved, and that the consumers' "continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records."

The everyday consumer, let alone the least sophisticated consumer, reading the Defendant's Collection Letter, can easily understand the Defendant's Collection Letter to mean that paying their debt would clear their account from the Defendant's records. This conclusion, however, is simply untrue. Taking the allegations in the Complaint as true, as this Court must, means that the Defendant still maintains a consumer's account on their records even after a payment is made. The Defendant's statement that these accounts would be cleared from their records is therefore inaccurate, and accordingly deceptive and misleading under the FDCPA

## E. Conclusion

For the foregoing reasons, it is respectfully submitted that the Defendant's Motion for Judgment on the Pleadings be denied in its entirety. To be entitled to a grant of summary judgment, Defendant is required to show that the least sophisticated consumer would not interpret the Defendant's Collection Letter in the manner alleged by the Plaintiff in this action. This, the Defendant cannot do, particularly where the verbiage in the Defendant's Letter appears to be a downright lie intended to mislead consumers into paying their debt. Accordingly, it is respectfully requested that the Plaintiff's motion be denied in its entirety.

LAW OFFICE OF ALAN J. SASSON, P.C.

Dated: Brooklyn, New York
      October 31, 2014

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq. (YZ5857)
1669 East 12th Street, 2nd Floor
Brooklyn, New York 11229
Phone:    (718) 339-0856
Facsimile: (347) 244-7178
Attorney for Plaintiff

Page 7 of 7