UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

DEENA TJARJALIS,

                           Plaintiff,

            -against-                                              14-CV-1412

PROFESSIONAL CLAIM BUREAU, INC.,

                           Defendant.

-------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOITON TO DISMISS MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE OF CIVIL PROCEDURE 12(C)


ARTHUR SANDERS, ESQ.
Attorney or defendant
30 South Main Street
Ne City, NY  10956
845-499-2990

1

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities | 3 |
| Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss Contains an Improper Standard of Review | 4 |
| Plaintiff's Complaint Alleging Violations of 15 U.S.C. Sec. 1692e with Respect to Defendant's Collection Letter Fails to State a Cause of Action | 5 |

## TABLE OF AUTHORITIES

| | Page |
|---|---|
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 , 2007 | *8* |
| *Compuzano-Burgos v. Midland Credit Management, Inc.*, 550 F3d 294, 298-299 (3d Cir. 2008) | 6 |
| *Gonzales v. Arrow Financial Services, LLC*, 660 F 3d 1055, 1062 (9th Cir. 2011) | 5 |
| *Hahn v. Triumph Partnerships, LLC*, 557 F 3d 755, 757 (7th Cir. 2009) | 8 |
| *Muha v. Encore Receivable Management, Inc.*, 558 F 3d 623, 627 (7th Cir. 2009) | 7 |
| *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F 3d 938, 941-942 (7th Cir. 2011) | 7 |
| *Roseneau v. Unifund Corp.*, 539 F 3d 218, 222 (3d Cir. 2008) | 6 |
| *Schweizer v. Trans Union Corp.*, 136 F 3d 233, 237-238 (2d Cir. 1998) | 7 |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CONTAINS AN IMPROPER STANDARD OF REVIEW

Plaintiff's opposition contains an odd paragraph labeled "Standard of Review." In fact, the paragraph contained in plaintiff's memorandum of law does not address the standard of review used by the court in deciding motions brought pursuant to FRCP 12(c). Plaintiff's memorandum does not address defendant's detailed analysis of the proper standard. Instead, plaintiff attaches a boiler plate paragraph which generally addresses the standard of review for deciding a summary judgment motion. The paragraph contains no discussion of Rule 12(c) and should be disregarded in its entirety.

## PLAINTIFF'S COMPLAINT ALLEGING VIOLATIONS OF 15 U.S.C. SECTION 1692e WITH RESPECT TO DEFENDANT'S COLLECTION LETTER FAILS TO STATE A CAUSE OF ACTION

At the outset, it should be noted that plaintiff appears to take no issue with defendant's preliminary statement or procedural history. Similarly, plaintiff appears to take no issue with the least sophisticated debtor standard discussed on pages 12 through 13 of defendant's memorandum of law. In fact, plaintiff does not address or attempt to distinguish any of the case law cited by the defendant on the least sophisticated debtor standard or on the issue of materiality.

Instead, plaintiff relies on a small number of cases, none of which are from the Second Circuit. Plaintiff also appears to rely on her own unfounded speculation unsupported with any facts.

The first case to appear in plaintiff's memorandum is *Gonzales v. Arrow Financial Services, LLC, 660 F 3d 1055, 1062 (9th Cir. 2011).*

In *Gonzales* there were certain undisputed facts that led to judgment for the plaintiff. The defendant, a debt buyer, had purchased a portfolio of debts originally owed to health clubs. The debts were more than seven years old and

"pursuant to the Fair Credit Reporting Act, 15 U.S.C. Section 1081c(a)(4), none of those debts could be reported to a credit reporting agency," at page 1059. Nonetheless, the defendant sent plaintiff correspondence indicating that the debt had been reported to a credit reporting agency. The letter was demonstrably untrue and the defendant lost the case. In affirming the court below, the 9th Circuit indicated that "as there is no circumstance under which Arrow could legally report an obsolete debt to a credit bureau, the implication that Arrow could make a positive report in the event of payment is misleading," at page 1063.

In *Roseneau v. Unifund Corp.*, 539 F 3d 218, 222 (3d Cir. 2008), defendant sent plaintiff a letter that purported to originate from its legal department. In fact, its legal department contained six employees, none of whom were attorneys. Plaintiff filed a class action complaint alleging deception in defendant's use of the term legal department. Defendant moved to dismiss the complaint and its motion was granted by the District Court. The 3d Circuit reversed, finding that the letter "can be reasonably read to have two different meanings, one of which is inaccurate," at 223. The inaccurate meaning comes from a reading that presumes that the letter came from an attorney, when it did not.

*Compuzano-Burgos v. Midland Credit Management, Inc.*, 550 F3d 294, 298-299 (3d Cir. 2008) is an odd choice of case for plaintiff to rely upon

6

because the 3d Circuit reversed the District Court and found that collection letters signed by corporate officers of the defendant are not per se deceptive and do not violate the Fair Debt Collection Practices Act (FDCPA).  In its ruling in favor of the defendant, the Court stated that, "It is immaterial that Black and Eckhardt did not personally write or authorize their staff to send the specific letter to plaintiffs.  Midland Credit had authorized and approved the communication whose appearance and context reveal no personal efforts by the executives," at 301.

The other cases cited by plaintiff in this brief are similarly inapplicable to this case.  *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F 3d 938, 941-942 (7th Cir. 2011) does not involve a collection letter at all.  It involves an attachment to a State Court complaint that plaintiff alleged to be defective.  The District Court and Court of Appeals disagreed with the plaintiff.

*Muha v. Encore Receivable Management, Inc.*, 558 F 3d 623, 627 (7th Cir. 2009), involved a confusing statement contained in a collection letter.  The issue decided involved the use of a survey, which is an important issue in the 7th Circuit.  It is of no importance inn this circuit because whether or not a collection letter violates the FDCPA is considered a question of law.  See, *Schweizer v. Trans Union Corp.*, 136 F 3d 233, 237-238 (2d Cir. 1998).

7

Plaintiff' final case of *Hahn v. Triumph Partnerships, LLC*, 557 F 3d 755, 757 (7th Cir. 2009) involved a debt buyer's attempt to collect interest on an overdue account. There is simply no such issue in the case at bar.

The conclusion could be drawn from reading plaintiff's opposition to defendant's motion is that plaintiff does not understand the requirements of *Twombly.* (*Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 , 2007.*) The *Twombly* court made very clear that the court's obligation to accept as true all of the allegations in a complaint does not extend to threadbare recycles of the elements of a cause of action, supported by mere conclusory statements.

Plaintiff's complaint and the memorandum of law in opposition to defendant's motion both insist that defendant's collection letter contains statements that are untrue. The insistence, however, is unsupported by any evidence whatsoever. There isn't even a reference to any evidence. Plaintiff claims that the sentence, "Your continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records," is untrue. Plaintiff's speculation is not supported by any action taken against her by the defendant and plaintiff does not claim to have any knowledge regarding the business practices of the defendant. She has not suggested a

8

source for her belief that the collection letter contains an untrue statement and plaintiff's failure to suggest that she possesses any information whatsoever to support her claim requires that defendant's motion be granted and plaintiff's complaint be dismissed.

Dated: New City, NY
November 14, 2014

Respectfully submitted,

_____
ARTHUR SANDERS (AS1210)
Attorney for defendant
30 South Main Street
New City, NY  10956
845-499-2990