**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 1 5 2015   ★

**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DEENA TJARTJALIS,

    Plaintiff,

   -against-

PROFESSIONAL CLAIMS BUREAU, INC.,

    Defendant.

-------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-1412

(Wexler, J.)

WEXLER, District Judge:

Plaintiff brings this complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Defendant moves for judgment on the pleadings pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.Proc."), Rule 12(c), claiming that Plaintiff's complaint fails to state a claim on its face. For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

Specifically, Plaintiff complains that Defendants have violated 15 U.S.C. § 1692e(10), which prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Plaintiff alleges that the language Defendant used in its collection letter to Plaintiff violated the FDCPA. The language at issue states in large bold letters:

    **"DO NOT CONTINUE TO LEAVE THIS DEBT UNRESOLVED."**

It continues on to state: "Your continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records." See Complaint, ¶ 24.

## DISCUSSION

The standard to be applied when evaluating a motion for judgment on the pleadings brought under Fed.R.Civ.P. 12(c) is the same as that applied to a motion to dismiss under Rule 12(b)(6), unless the Court chooses to consider materials outside the four corners of the pleadings. Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.), cert. denied, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). The court must accept all allegations as true, and draw all reasonable inferences in favor of the non-movant. The complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Ad–Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir. 1987) (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957))).

Plaintiff's complaint alleges a violation of 15 U.S.C. § 1692e - preface and (10). Pursuant to § 1692e(10) of the FDCPA, the debt collector is prohibited from using "any false representation or deceptive means" to attempt to collect any debt. 15 U.S.C. § 1692e(10). A notice is "deceptive" in violation of § 1692e(10) "when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Russell v. Equifax, 74 F.3d 30, 35 (2d Cir. 1996) (citations omitted); Arend v. Total Recovery Services, Inc., No. 05-CV-3064, 2006 WL 2064977, * 2 (E.D.N.Y. July 24, 2006). This court must apply the "least sophisticated consumer standard." Rumpler v. Phillips & Cohen Associates, Ltd., 219 F.Supp.2d 251, 255 (E.D.N.Y. 2002); Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2006); Russell, 74 F.3d at 35. It is an objective standard which discards any "unreasonable misinterpretations." Jacobson v. Healthcare Fin. Serv., No. 04-CV-3268, 2006 U.S. Dist. LEXIS 36361, at *7

(E.D.N.Y. June 6, 2006). The standard reaches only reasonable interpretations by the hypothetical "least sophisticated consumer"; it does not "extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice." Rumpler v. Phillips & Cohen Associates, Ltd., 219 F.Supp.2d at 256 (citations omitted).

Plaintiff here alleges that the language at issue is confusing and violates §1692e(10) because it leads the consumer to believe that if they make payment, their account will cleared, when in fact this is not true. Plaintiff alleges that even if she makes payment, her account will not be cleared. See Complaint, ¶ 27.

The Court notes that this is a judgment on the pleadings that must be evaluated like a motion to dismiss, in which all allegations are presumed to be true with all inferences drawn in favor of Plaintiff. The Court finds that Plaintiff's allegations sufficiently plead a claim under the FDCPA since the language is susceptible to two different reasonable interpretations. Assuming the truth of Plaintiff's allegations that an account will not be cleared even if paid, than the language is objectively potentially confusing to the "least sophisticated consumer" who might, by the language at issue, believe that his or her record would be cleared if paid. Thus, the Court denies Defendant's motion for judgment on the pleadings. See Russell, 74 F.3d at 35 (claim sufficiently stated where notice was reasonably susceptible to an inaccurate reading); Papetti v. Rawlings Financial Services, LLC, No. 15 Civ. 2933, 2015 WL 4644225 (S.D.N.Y. August 5, 2015) (claim under §1692e(10) stated where there are three reasonable interpretations of the notices; two of which are inaccurate); see also Spira v. I.C. System, Inc., 2006 WL 2862493 (E.D.N.Y. October 5, 2006) (plaintiff's motion for judgment on the pleadings is granted where language in letter was potentially confusing to an unsophisticated but reasonable consumer).

## CONCLUSION

For the reasons stated above, Defendants' motion for judgment on the pleadings is denied. Counsel are directed to the Magistrate Judge to complete discovery in this matter.

SO ORDERED.

s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 2015