F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 09 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DEENA TJARTJALIS,

                      Plaintiff,

    -against-

PROFESSIONAL CLAIMS BUREAU,

                      Defendant.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-1412
(Wexler, J.)

APPEARANCES:

MARCUS & ZELMAN, LLC
By: Yitzchak Zelman, Esq.
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Attorneys for Plaintiff

ARTHUR SANDERS, ESQ.
By: Arthur Sanders, Esq.
30 South Main Street
New City, New York 10956
Attorneys for Defendant

WEXLER, District Judge:

       Plaintiff Deena Tjartjalis ("Plaintiff") commenced this action alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, by defendant Professional Claims Bureau, Inc. On May 4, 2016, plaintiff filed a notice of acceptance with offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. *See* Docket Entry ("DE") [21]. The offer of judgment provided $1,200.00 to plaintiff, plus attorneys' fees "in an amount to be decided by the Court." *Id.* Presently before the Court is plaintiff's motion for an award of attorneys' fees and costs. Motion, DE [24]. Including fees incurred preparing the fee application, plaintiff seeks $23,430 in attorneys' fees and costs. Defendant opposes several aspects of the

application including, *inter alia,* the total amount of the award sought and the hourly rates charged by counsel. Defendant's Memorandum In Opposition ("Def's Opp."), DE [26].

## I. LEGAL STANDARDS

### A. Reasonable Attorneys' Fees

The FDCPA provides for the recovery of reasonable attorneys' fees. *See* 15 U.S.C. §1692k (a)(3). In the Second Circuit, "the lodestar–the product of a reasonable hourly rate and the reasonable number of hours required by the case–creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens v. County of Albany,* 522 F.3d 182, 183 (2d Cir. 2008)). "While a court may, in exceptional circumstances, adjust the lodestar, it may not disregard it entirely." *Millea,* 658 F.3d at 169 (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 130 S. Ct. 1662, 1673 (2010)).

The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983). A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *Cruz v. Local Union No. 3 of the IBEW,* 34 F.3d 1148, 1160-1161 (2d Cir. 1994). In determining whether a reasonable number of attorney hours were expended, the court should "examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case" and "[i]f the court determines that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours in its calculation."

*Gierlinger v. Gleason,* 160 F.3d 858, 876 (2d Cir. 1998) (internal quotations and citations omitted).

## II. DISCUSSION

Defendant notes the discrepancy between the amount of damages recovered by plaintiff and the amount of fees sought, suggesting that the Court consider the attorneys' fees to be disproportionately high. As the FDCPA is a fee-shifting statute, however, "arguments concerning the disproportionality of attorneys' fees to damages are routinely rejected." *Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 340 (E.D.N.Y. 2014). Where fee-shifting statutes are applied, the Second Circuit has emphatically stated that:

> [e]specially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery. Thus, the district court abused its discretion when it ignored the lodestar and calculated the attorneys' fees as a proportion of the damages awarded.

*Millea* 658 F.3d at 169 (emphasis in original). Accordingly, the Court considers whether the fee sought is reasonable without reference to its proportionality.

### A. Hourly Rate

A reasonable hourly rate must be considered within the context of the relevant legal "community;" specifically, "the district where the district court sits." *Arbor Hill*, 522 F.3d at 190; *see also Blum v. Stenson,* 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984) (rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). Courts in this District have found the prevailing rates for partners in the range of $300-$450 per hour, $200-$300 per hour for

3

senior associates, $100-$200 per hour for junior associates, and $90-$100 per hour for paralegals. *See Douyon*, 49 F. Supp. 3d at 343 (collecting cases). The party seeking attorneys' fees bears the burden of justifying the hourly rate sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L.Ed. 2d 40 (1983).

Here, plaintiff seeks to recover attorneys' fees for two professionals – attorneys Yitzchak Zelman and M. Harvey Rephen, who is listed as "Mark H. Rephen" on the docket. Rephen has not submitted an affidavit detailing his credentials or experience, but Zelman states that Rephen's office "performed the initial intake of the Plaintiff, and commenced this action." Declaration of Yitzchak Zelman ("Zelman Decl.") at ¶12, DE [24-1]. Zelman further declares that Rephen's regular hourly fee is $400.00 per hour, and that Rephen has "solely practiced FDCPA litigation for nearly twenty years." *Id.* at ¶13. These bare statements are insufficient to support an award at the rate requested. *See generally Fuchs v. Tara Gen. Contracting, Inc.*, No. 06-CV-1282, 2009 WL 3756655 at * 2 (E.D.N.Y. Nov. 3, 2009) ("The determination of what constitutes a reasonable hourly rate also requires the submission of information concerning the credentials or experience of counsel applying for fees. Where such information is lacking, the court may reduce the award of attorney's fees accordingly" (internal quotation and citations omitted)). Based on the representation regarding Rephen's years of experience, and given the straightforward nature of the "intake" work performed by him, the Court finds a reasonable hourly rate of $300 for his work. *See Arroyo v. Frontline Asset Strategies, LLC*, No. 13-CV-195, 2013 WL 1623606, at *2 (E.D.N.Y. Apr. 15, 2013) (approving a $300 hourly rate for partner with more than twenty years of experience); *see also Gonzalez v. Healthcare Recovery Mgmt., Inc.*, No. 13-CV-1002, 2013 WL 4851709, at *4 (E.D.N.Y. Sept. 10, 2013) (reducing

Rephen's hourly rate from $400 to $300 in FDCPA case that was "far from complex and involved no novel issues of law").

There are also significant gaps in Zelman's statements regarding his own experience. He provides no educational background, omitting both the names of any schools attended and graduation years. He states that he was licensed to practice law in New Jersey "since 2012" and in New York "since 2013," and that he has practiced credit and collection law since his licensing in New Jersey. Zelman Decl. at ¶¶ 3-4. Thus Zelman has, at most, four years' experience as an attorney. In July 2015, he purportedly "left the employment of the Law Office of Alan J. Sasson, P.C., and formed the Marcus & Zelman, LLC firm." Plaintiff's Memorandum at 6, n.1, DE [24]. Although he presumably is a partner at the new firm, that title does not, in and of itself, confer him with a higher level of experience warranting a higher hourly rate. In light of his years of experience and some evidence of modest success in consumer litigation, the Court finds that an hourly rate of $250 is reasonable.

## B. Work Performed

Although the complaint states a straightforward FDCPA claim and the matter was ultimately settled upon plaintiff's acceptance of a Rule 68 offer, significant litigation was conducted in between. Plaintiff successfully opposed defendant's motion for judgment on the pleadings, discovery was conducted, and plaintiff drafted an amended complaint containing new allegations that defendant continued to make collection calls to plaintiff after this case was commenced. Although the amended complaint was never filed, the timing of its preparation and the setting of a briefing schedule for its submission suggests that it may have contributed to defendant's decision to serve the Rule 68 Offer. The Court recognizes these actions, many of

which were in direct response to defendant's actions, in determining a reasonable attorneys' fee. The Court further notes that plaintiff recovered more than the statutory maximum of $1,000 and, as such, plaintiff's counsel clearly succeeded in their efforts.

Plaintiff has provided contemporaneous time records showing the tasks performed and time spent by the attorneys. Including time spent on the briefing of this motion, plaintiff seeks an award of fees for 75.2 hours of work performed by attorney Zelman, and 2.3 hours performed by attorney Rephen, plus costs.

The only cost requested by plaintiff is the court filing fee of $400, and this amount will be included in the award. As to the amounts billed for legal work, the Court has carefully reviewed counsel's time records and the submissions from both parties and finds that the following reductions, totalling 15.6 hours, are required as the time billed was excessive:

- Reduction from 14.8 hours to 4.0 hours for preparing the fee application and reply.

- Reduction from 3.5 hours to 2 hours for proofreading and revising opposition to motion for judgment on the pleadings.

- Reduction from 5.5 hours to 3.0 hours for preparing standard discovery demands.

- Reduction from 1.8 hours to 1.0 hours for preparing notice of acceptance of Rule 68 Offer.

In addition, 3.0 hours of purely administrative tasks, such as printing and mailing, shall be compensated at a paralegal rate of $90 per hour.[1] As travel time is customarily recoverable at one-half counsel's reasonable hourly rate, *see DeMarco v. Ben Krupinski Gen. Contractor, Inc.,*

---

[1] Specifically, entries for October 31, 2014, November 3, 2014, December 7, 2015, December 16, 2015, and December 17, 2015 totalling 3.0 hours.

No. 12-CV-0573, 2014 WL 3696020, at *6 (E.D.N.Y. July 22, 2014), Zelman's travel time shall be charged at the rate of $125 per hour.

### III. CONCLUSION

Plaintiff's application for attorneys' fees and costs is granted in the total amount of **$14,715.00**, broken down as follow:

- $270 (2.3 hours at $300 per hour) for attorney M. Harvey Rephen
- $13,400 (53.6 hours at $250 per hour) for attorney Yitzchak Zelman;
- $270 (3.0 hours at $90 per hour) for administrative work;
- $375 (3.0 hours at $125 per hour for travel time; and
- $400 court filing fee.

The Clerk of the Court is directed to enter an Amended Judgment against defendant in favor of plaintiff in the total amount of $15,915.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 9, 2016

7